## THOMAS SHERCLIFF *v.* P. P. COOPER, ETC.

**Appeals and Errors—Administrator de Bonis Non May Appeal from Judgments Rendered Against Predecessor.**

The judgment dismissing the petition of Hill's administratrix at her cost was not a judgment against her personally, but in her fiducial character. Her right to prosecute an appeal therefrom was not a personal but a fiducial right, existing so long as she continued to act as administratrix. Her marriage divested her of the right longer to act in that capacity, but did not deprive Hill's estate or its representative of the right to appeal.

**Parties—Misjoinder—Motion to Strike Out.**

A misjoinder of plaintiffs in the lower court or of appellants in the Court of Appeals must be taken advantage of by motion to strike out the name of the party improperly joined.

### APPEAL FROM MARION CIRCUIT COURT.

December 13, 1872. ·

OPINION BY JUDGE LINDSAY:

The motion to dismiss this appeal was acted on and over-ruled by this court, before the judgment of reversal was entered, but the reasons therefor were not given in writing. The importance which counsel seems to attach to this motion induces us to respond in writing to that portion of his petition relating thereto. Sec. 876, Civil Code, gives to the clerk of this court the right to grant an appeal, on application of the party dissatisfied with the judgment in the court below.

The judgment dismissing the petition of Hill's administratrix at her costs was not a judgment against her personally, but in her fiducial character. Her right to prosecute an appeal therefrom was not a personal but a fiducial right, existing only so long as she continued to act as administratrix. Her marriage divested her of the right longer to act in that capacity, but did not deprive Hill's estate or its representative of the right to appeal.

The record of the Marion county court, adjudging that she had vacated her office as administratrix by her marriage, and appointing Shercliff her successor, is duly attested, and when presented to the clerk of this court showed a prima facie right on his part to prosecute the appeal.

The provisions of the Codes of Practice, when not restricted in their application in terms, or by their peculiar nature apply to all the courts of this state, section 766. As a personal representative has the right to sue, whether originally appointed, or appointed to fill the place of one who has resigned, died or otherwise vacated his office, so may he prosecute an appeal from a judgment affecting the estate he represents. If, in point of fact, he is not what he claims to be, this is a matter of defense to be brought before the court by answer. If Shercliff is not administrator *de bonis non* of Hill's estate, or if the order appointing him such is void, appellee should have answered and set up such fact or facts as allowed by section 898 of the Code. If a personal representative dies pending litigation in the Circuit Court, this fact, together with that of the appointment of his successor, may be suggested of record. If the litigation has terminated in the lower court, so that the suggestion can not be made there, it may be made to the clerk of this court, as was done in this case when the appeal was prayed and granted. It seems to us manifest that the Legislature did not intend to, and did not leave a contingency like this unprovided for, and we feel assured that in permitting this appeal to be prosecuted we were not compelled to usurp any of the powers of the legislative department.

The error in joining Wheatly and wife with Shercliff as appellants did not authorize a dismissal of the appeal. A misjoinder of plaintiffs in the Circuit Court or of appellants in this court must be taken advantage of by a motion to strike out the name of the jury improperly joined. *Dean v. English,* 1 B. Monroe 136.

We will not discuss the evidence presented by the record and thereby usurp the province of the jury to be empaneled on the next trial. We can not, however, refrain from saying that counsel is mistaken in the assertion that there is no evidence tending to show that a special contract was made to pay attorneys' fees for defending the attachment. The bill of exception shows that the witness Hill stated explicitly that Governor Wickliffe was engaged at a fee of two hundred dollars for defending the attachment alone, whether a recovery should be had for Hill's fee or not is a question upon which it is not proper for us to speak at this time. There is nothing in the opinion of this court intimat-

ing that the basis of recovery for attorneys' fees, if a recovery should be had at all, ought to be different from the rule prescribed in the cases of *Shuety v. Marimon*, 3 *Metcalfe*, and in *Doe v. Perkins*, 8 *B. Monroe*.

The motion of appellee to file his amended petition is not now before this court. That motion had been overruled prior to the first appeal. This court did not pass upon it, and appellee failed to renew it after the return of the cause, and voluntarily went to trial with the pleadings in their present condition. Upon the return of the cause he can again ask to file it, if he sees proper to do so.

Petition overruled.

*C. S. Hill, for appellant.*

*Harrison, for appellee.*